**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY STOKES, | : | Civil No. 1:25-CV-01917 |
| Plaintiff, | : | |
| v. | : | |
| ELIZABETH JUDD, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is the report and recommendation of United States Magistrate Judge Martin C. Carlson recommending that the court grant Defendants' motions to dismiss, dismiss Defendant Judd pursuant to Federal Rule of Civil Procedure 4, and close the case. (Doc. 60.) Judge Carlson finds that there are several grounds that require dismissal of Plaintiff's false arrest and malicious prosecution claims, including that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), there was probable cause to arrest Plaintiff, and Defendants are entitled to qualified immunity. (Doc. 60, pp. 9–15.)[1] The report continues and finds that any federal civil rights claims against Defendant Marcia Stokes based on her status as a complaining witness in Plaintiff's criminal case fail as a matter of law. (*Id.* at 15–16.) Judge Carlson recommends dismissal of Defendant District Judge Michael Sanderson as he is entitled to judicial immunity and dismissal of the

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Harrisburg School District because Plaintiff has not stated a claim against it. (*Id.* at 17–22.) Additionally, the report submits that Defendant Judd should be dismissed from this action because Plaintiff has failed to properly serve her and, even if service was effectuated, Defendant Judd would be immune from suit due to prosecutorial immunity. (*Id.* at 22–25.) Judge Carlson recommends dismissal of Plaintiff's 42 U.S.C. § 1985(3) conspiracy claim because the complaint is devoid of any facts that "would support a claim of a collective racial or class-based invidious discriminatory animus." (*Id.* at 25–27.) Lastly, Judge Carlson recommends that the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.* at 27–28.)

Plaintiff filed objections to the report and recommendation setting forth a host of arguments, including that the report resolved disputed facts and made adverse inferences against Plaintiff's interest; it was premature to grant qualified immunity; the facts support an inference of joint action and discovery is needed to test that inference; a forensic finding does not end the probable cause inquiry; the report improperly conflates claims; the report overstates the effect of Plaintiff's nolo contendere plea; Defendant Stokes is not absolutely immune due to her witness activity; and more. (Doc. 61.) Although voluminous in number, the court finds that the objections simply reargue Plaintiff's case and express disagreement with the report and recommendation.

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Judge Carlson's report and recommendation and finds no clear error or manifest injustice on the face of the record. (Doc. 60.) The objections merely express disagreement with Judge Carlson's recommended conclusions and reargue Plaintiff's case. And although Judge Carlson used colorful language to state the facts and analyze the issues in this case, the court finds that the report did not make adverse factual or personal judgments against Plaintiff.

Accordingly, the court will adopt the report and recommendation, overrule Plaintiff's objections, grant Defendants' motions to dismiss, dismiss Defendant Judd pursuant to Federal Rule of Civil Procedure 4, dismiss Plaintiff's state law claims without prejudice, and dismiss all other claims in Plaintiff's complaint with

prejudice as amendment would be futile. An order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 10, 2026